**FILED**
FEB 2 6 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER WORTHY, :
:
Petitioner, :
:
v. : Civil Action No. **10 0315**
:
UNITED STATES OF AMERICA, :
:
Respondent. :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

Petitioner, who currently is detained at the Peumansend Creek Regional Jail in Bowling Green, Virginia, appears to challenge his conviction in the Superior Court of the District of Columbia. *See* Compl. at 2. Petitioner has submitted his petition using a preprinted form, and in the section devoted to the grounds on which he claims that he is being held unlawfully, he states the following:

> Section to the Constitution, Article 1, Bill of Rights, Section 106,
> Right for Speedy Trial, witnesses, etc."

*Id.* at 5.

A challenge to the Superior Court conviction must be brought by motion in that court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to

test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Furthermore, habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Insofar as petitioner is challenging his current custody on an alternative basis, the petition should be filed in the district where he is detained.

The Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Henry Kennedy, Jr.
United States District Judge

DATE: 2/7/2010